IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
(NEW ALBANY DIVISION)

JOHN SPRIGLER                                                              PLAINTIFF
404 Highland Avenue
New Albany, Indiana 47150

                                                              Case No. _____

v.

                                                              Judge_____

PORSCHE FINANCIAL SERVICES, INC.                                           DEFENDANTS
One Porsche Drive
Atlanta, Georgia 30354

        SERVE:     Corporation Service Company
                         135 North Pennsylvania Street, Suite 1610
                         Indianapolis, Indiana 46204
                         (BY CERTIFIED MAIL)

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

        SERVE:     Corporation Service Company
                         135 North Pennsylvania Street, Suite 1610
                         Indianapolis, Indiana 46204
                         (BY CERTIFIED MAIL)

AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

        SERVE:     The Prentice Hall Corporation System
                         135 North Pennsylvania Street, Suite 1610
                         Indianapolis, IN 46204
                         (BY CERTIFIED MAIL)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

      SERVE:    CT Corporation System
                      334 North Senate Avenue
                      Indianapolis, Indiana 46204
                      (BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

## **VERIFIED COMPLAINT**

Comes the Plaintiff, John Sprigler, and for his Verified Complaint against the Defendants, Porsche Financial Services, Inc. ("Porsche"), Experian Information Services ("Experian"), Equifax Information Services, LLC ("Equifax") and Trans Union, LLC ("Trans Union"), states as follows:

### **I. PRELIMINARY STATEMENT**

1. This is an action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of Defendants' failure to investigate Plaintiff's credit reporting disputes; Trans Union's, Experian's, and Equifax's false reporting on Plaintiff's Porsche account; Equifax's and Trans Union's failure to respond to Plaintiff's dispute or initiate an investigation; and Defendants' failure to correct false reporting on Plaintiff's credit reports.

### **II. PARTIES**

2. Plaintiff, John Sprigler, is currently and was at all relevant times a citizen of the State of Indiana, residing at 404 Highland Avenue, New Albany, Indiana 47150.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Porsche, is a Georgia corporation doing business in the State of Indiana with its principal place of business located at One Porsche Drive, Atlanta, Georgia 30354.

5. Porsche is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6. Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the State of Indiana, with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

7. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8. Equifax is regularly engaged in the business of assembling, evaluating, and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

9. Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the State of Indiana, with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

10. Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

11. Trans Union is regularly engaged in the business of assembling, evaluating, and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

12. Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the State of Indiana, with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

13. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

14. Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

15. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Floyd County, Indiana, as a result of the Defendant doing business in Floyd County, Indiana.

### IV. FACTUAL BACKGROUND

16. In 2024, due to a bank account breach, Plaintiff missed a vehicle payment on his Porsche account. After that discovery, Plaintiff promptly paid the vehicle loan in full. In or around September of 2024, Plaintiff accessed his Equifax, Experian, and Trans Union credit reports and discovered the paid-off Porsche account reporting as a charge off.

17. Immediately upon discovery of the false tradeline, Plaintiff disputed the account to Equifax, Experian, and Trans Union in writing.

18. On October 16th, 2024, Plaintiff received results Experian sating that they had updated the account. However, the Porsche account was still reporting as a charge off.

19. Despite sending his disputes by First Class Mail through the United States Postal Service, Plaintiff did not receive results from Equifax or Trans Union.

20. The Defendants' actions have damaged Plaintiff, in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure

to investigate Plaintiff's disputes, maintain the accuracy of Plaintiff's credit reports, and their continued false reporting. In addition, Defendants violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

### Negligent Violation of the Fair Credit Reporting Act – Bank of America

21. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 20 as if fully set forth herein.

22. Bank of America's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Equifax are violations of Bank of America's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

23. Bank of America's violations of the FCRA amount to negligent non-compliance with the FCRA, as stated in 15 U.S.C. §1681o, for which Bank of America is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Trans Union

24. Plaintiff hereby adopts and incorporates the allegations contained in the above-pleaded paragraphs as if fully set forth herein.

25. Trans Union's failure to properly investigate the disputed items and its failure to remove the disputed items from Plaintiffs' credit report are violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

26. Trans Union's failure to properly investigate the disputed items and its failure to remove the disputed items from Plaintiff's credit report within a reasonable time following Trans Union's receipt of Plaintiff's disputes are violations of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

27. Trans Union's violations of the FCRA amount to negligent non-compliance with

the FCRA, as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

28. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 27, as if fully set forth herein.

29. Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradelines, despite knowledge of the falsity of the disputed items, are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

30. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

31. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA, as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Experian

32. Plaintiff hereby adopts and incorporates the allegations contained in the above-pleaded paragraphs, as if fully set forth herein.

33. Experian's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradeline, despite knowledge of the falsity of the disputed items,

are violations of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

34. Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Experian's receipt of Plaintiff's dispute are violations of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

35. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA, as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Bank of America

36. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 35 as if fully set forth herein.

37. Bank of America's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Equifax, despite Bank of America's knowledge of the falsity of its reporting, are willful violations of Bank of America's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

38. Given Bank of America's knowledge of the falsity of its reporting, Bank of America's violations of the FCRA amount to willful non-compliance with the FCRA, as stated in 15 U.S.C. §1681n, for which Bank of America is liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages, and Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Trans Union

39. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 38 as if fully set forth herein.

40. Trans Union's failure to properly investigate the disputed items and its failure to remove the disputed items from Plaintiff's credit report, despite its knowledge of the falsity of its reporting, are willful violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports, as stated in 15 U.S.C. §1681e(b), and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

41. Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA, as stated in 15 U.S.C. §1681n, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages, and Plaintiff's attorneys' fees.

## Willful Violation of the Fair Credit Reporting Act – Equifax

42. Plaintiff hereby adopts and incorporates the allegations contained in the above-pleaded paragraphs as if fully set forth herein.

43. Equifax's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradeline, despite Equifax's knowledge of the falsity of the disputed items, are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

44. Equifax's failure to investigate Plaintiff's disputes, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

45. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA, as stated in 15 U.S.C. §1681n, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages, and Plaintiff's attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Experian**

46. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 45, as if fully set forth herein.

47. Experian's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradeline, despite Experian's knowledge of the falsity of the disputed items, are willful violations of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

48. Experian's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Experian's receipt of Plaintiff's dispute are willful violations of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

49. Experian's violations of the FCRA amount to willful non-compliance with the FCRA, as stated in 15 U.S.C. §1681n, for which Experian is liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages, and Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, John Sprigler, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential, and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/s/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
331 Townepark Circle, Suite 100-C
Louisville, KY 40202
Phone, (502) 443-1060
Facsimile, (502) 589-3004
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## **VERIFICATION**

I, John Sprigler, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information, and belief.

_____
John Sprigler